IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KALAWN RASHAD LAMKIN,

    Petitioner,

    v.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:20-CV-5542
JUDGE JAMES L. GRAHAM
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**I.**

On October 21, 2020, Petitioner filed this *pro se* § 2254 petition challenging his February 26, 2019 convictions after a jury trial in the Franklin County Court of Common Pleas on aggravated murder, having a weapon while under disability, aggravated burglary, and felonious assault. He asserts that the jury lost its way when it failed to find by a preponderance of evidence that he acted in self-defense and when it found that he committed an aggravated burglary (claims one and two); that he was denied the effective assistance of counsel when his attorneys failed to investigate and call witnesses (claims three, four and five); and that he was denied the effective assistance of counsel based on cumulative error (claim six). However, Petitioner has neither submitted the $5.00 filing fee, nor has he submitted a request to proceed *in forma pauperis*. On July 22, 2021, the Clerk issued a Notice of Deficiency providing Petitioner with the form for filing a motion for leave to proceed *in forma pauperis* and the Court issued an

*Order* advising Petitioner that his failure to submit the required $5.00 filing fee or a motion for leave to proceed *in forma pauperis* within thirty days may result in the dismissal of this action. (ECF Nos. 3, 4.) Nonetheless, to date, Petitioner has failed to do so.

## II.

The Federal Rules of Civil Procedure may be used in habeas corpus "to the extent that they are not inconsistent with any statutory provisions or these rules. . . ." Rule 12, Rules Governing Section 2254 Proceedings. The Court's inherent authority to dismiss a plaintiff's action or particular claims within an action with prejudice because of his failure to prosecute is expressly recognized in Federal Rule of Civil Procedure 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R. Co*., 370 U.S. 626, 629-31 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999). "Rule 41(b) recognizes the power of the district court to enter a sua sponte order of dismissal." *Steward v. City of Jackson, Tenn*., 9 F. App'x 294, 296 (6th Cir. 2001) (citing *Link*, 370 U.S. 626 at 630).

To date, Petitioner has failed to respond to the Notice of Deficiency or this Court's *Order* advising him that his failure pay the $5.00 filing fee or submit a motion for leave to proceed in forma pauperis may result in the dismissal of this action. *See Stough v. Mayville Cmty. Schs*., 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is . . . a key

2

consideration" in whether dismissal under Rule 41(b) is appropriate); *see also Steward v. City of Jackson*, 9 F. App'x 294, 296 (6th Cir. 2001).

It is therefore **RECOMMENDED** that the Court **DISMISS** this action **WITH PREJUDICE** under Rule 41(b).

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                           s/ *Elizbeth A. Preston Deavers*
                           **ELIZABETH A. PRESTON DEAVERS**
                           **UNITED STATES MAGISTRATE JUDGE**