UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KALAWN RASHAD LAMMKIN,

           Petitioner,

v.

           Case No. 2:20-cv-5542
           Judge JAMES L. GRAHAM
           Magistrate Judge Elizabeth P. Deavers

CHAE HARRIS, Warden, Lebanon
Correctional Institution,

           Respondent.

**REPORT AND RECOMMENDATION**

Petitioner KaLawn Rashad Lammkin[1] seeks a writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1.) Petitioner seeks release from confinement imposed as part of the judgment of a state court in a criminal action. The case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to Magistrate Judges.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 4"), this Court must conduct a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." If it does so appear, the petition must be dismissed. (*Id.*) Rule 4 allows for the dismissal of petitions that raise legally frivolous claims, as well as petitions that contain "factual allegations that are palpably incredible or false." *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). Here, for the reasons that follow, it plainly appears from the face of the petition that Petitioner is not entitled to relief, as this action is barred by the one-year statute of

---

[1] Erroneously listed on the docket as "KaLawn Rashad Lamkin."

limitations provided for under 28 U.S.C. § 2244(d). The Undersigned therefore **RECOMMENDS** that the Petition be **DENIED** and that this action be **DISMISSED WITH PREJUDICE**.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Ohio's Tenth District Court of Appeals summarized the procedural history of this case as follows:

> {¶ 2} In August 2016, plaintiff-appellee, State of Ohio, indicted Lammkin on one count of aggravated burglary in violation of R.C. 2911.11, a first-degree felony; one count of aggravated murder in violation of R.C. 2903.01, an unspecified felony; one count of murder in violation of R.C. 2903.02, an unspecified felony; one count of kidnapping in violation of R.C. 2905.01, a first-degree felony; and one count of having a weapon while under disability in violation of R.C. 2923.13, a third-degree felony. The aggravated burglary, aggravated murder, murder, and kidnapping counts each contained firearm and repeat violent offender specifications. Lammkin pleaded not guilty, and the matter was tried to a jury in April and May 2018. . . .
>
> {¶ 12} Based on the evidence at trial, the jury found Lammkin guilty of committing aggravated burglary with a firearm specification, aggravated murder with a firearm specification, murder with a firearm specification, and having a weapon while under disability. The jury found Lammkin not guilty of committing kidnapping. The trial court found Lammkin guilty of the repeat violent offender specifications attached to the aggravated burglary, aggravated murder, and murder counts. The trial court merged the aggravated murder and murder counts for the purpose of sentencing. For the offenses in this case, the trial court sentenced Lammkin to a total prison sentence of life without the possibility of parole for 36 years.
>
> {¶ 13} Lammkin timely appeals.
>
> **II. Assignment of Error**
>
> {¶ 14} Lammkin assigns the following error for our review:
>
> The jury's verdicts were against the manifest weight of the evidence.
>
> **III. Discussion**
>
> {¶ 15} In this appeal, Lammkin argues the jury's verdicts finding him guilty of aggravated burglary, aggravated murder, and murder were against the manifest weight of the evidence. We disagree.
>
> . . .

{¶ 22} Because Lammkin fails to demonstrate his aggravated burglary or aggravated murder convictions were against the manifest weight of the evidence, we overrule his sole assignment of error.

*State v. Lammkin*, 10th Dist. Franklin No. 18AP-398, 2019-Ohio-682 (Feb. 26, 2019).

Petitioner appealed to the Supreme Court of Ohio, which denied his motion for delayed appeal on September 3, 2019. *State v. Lammkin*, No. 2019-0948, 156 Ohio St. 3d 1497, 2019-Ohio-3505. Petitioner filed his petition for postconviction review on August 28, 2020 (Petition, ECF No. 1, PageID 3). The Franklin County, Ohio Court of Common Pleas dismissed his petition as untimely and barred by *res judicata*.[2] Petitioner did not appeal the dismissal.

On October 14, 2020, Petitioner filed the instant Petition (ECF No. 1 at PageID # 18.) He raises the following claims for relief: (1) The jury erred in failing to find by a preponderance of the evidence that Petitioner was acting in self-defense when he shot Jamie Garrett; (2) The jury erred in failing to find by a preponderance of the evidence that Petitioner did not enter 146 North Yale with the intention to commit a crime; and (3-6) Ineffective assistance of counsel. (*Id*. at PageID # 5, 6, 8, 9, 14, 16.)

## II.    STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

---

[2]https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/imageLinkProcessor.pdf?coords=C2Q1tzZljpwGj%2BRa myqNHrwdvdy7%2BNtIy9hqj0jCf%2BHuZy1Fj4uFM%2BNbeyEv4Sf16UYU8vZufzJiBul2X4CCOHXnGROxRn 2jknebvqCJzlFM%2FFNpzFlhMd9KitjOPRVd1hcgiPPC0K34s0JhoAKGXst35d6QbGFLvYN%2B%2FhylcaU%3 D (last accessed Sept. 9, 2021).

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.*

The statute of limitations began to run on April 12, 2019, when the time period expired to file an appeal with the Supreme Court of Ohio. S.Ct.Prac.R. 6.01(A)(1). The statute of limitations expired one year later, on April 12, 2020. Petitioner then waited more than six months to execute this habeas corpus petition. Thus, AEDPA's statute of limitations had expired when this action began.

Even generously construing the Supreme Court of Ohio's September 3, 2019, denial of his motion for leave to file delayed appeal as the date on which the statute of limitations began to run does not make the petition timely. Petitioner filed a postconviction petition on August 28, 2020, which would normally operate to toll the statute of limitations. 28 U.S.C. § 2244(d)(2). However, that postconviction petition was not a "properly filed application[.]" *Id*. The corrected appellate record was docketed with the Tenth District Court of Appeals on February 6, 2019.[3] Ohio Rev.

---

[3] https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/imageLinkProcessor.pdf?coords=Z8tGZlpBk4Fut7w2Vz9jf%2B3mE9R7tZxl3lyAfLPU6VGZKcDeq8HlSHA62ZmJ1Ga7Kwsh%2FSqHYxYGKzjMtMF4r7tb2H237GeYQPtK1O6isHbJwbcYeHHVOvPejb2Fkq13a4onvv7sZQpRcZ3taUML0ud292%2B0CM0QvPftwPZTjOQ%3D (last accessed Sept. 9, 2021).

4

Code § 2953.21(A)(2) requires that a postconviction petition be filed within 365 days of the transcript being docketed with the court of appeals, meaning that Petitioner had only until February 6, 2020, to file a petition.  His failure to do so means that the trial court correctly dismissed his petition as untimely and that the petition cannot operate to toll the statute of limitations.  Thus, even under this generous construction, the statute of limitations expired on September 3, 2020, and Petitioner did not file the instant petition until more than a month later.  Further, Petitioner does not allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (In order to obtain equitable tolling of the statute of limitations, a litigant must establish that he has diligently pursued relief and that some extraordinary circumstance stood in his way of timely filing).  Accordingly, Petitioner's claims are time-barred.

### III.     RECOMMENDED DISPOSITION

For the foregoing reasons, the Undersigned **RECOMMENDS** that the Petition be **DENIED** and that this action be **DISMISSED WITH PREJUDICE** as time-barred.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Date: September 9, 2021                        /s/ *Elizabeth A. Preston Deavers*_____
                                               ELIZABETH A. PRESTON DEAVERS
                                               UNITED STATES MAGISTRATE JUDGE