IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KALAWN RASHAD LAMMKIN,**

                **Petitioner,**

   v.

**CHAE HARRIS, Warden, Lebanon Correctional Institution,**

                **Respondent.**

**Case No. 2:20-cv-5542**
**Judge James L. Graham**
**Magistrate Judge**
**Elizabeth A. Preston Deavers**

## ORDER

Petitioner KaLawn Rashad Lammkin seeks a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Petitioner seeks release from confinement imposed as part of the judgment of a state court in a criminal action. On September 9, 2021, the Magistrate Judge issued a Report and Recommendation (the "Report") recommending that the Petition be dismissed with prejudice as time-barred (Report, ECF No. 7, PageID 31.) On September 23, 2021, Petitioner filed Objections (ECF No. 8.) For the reasons set forth below, the Court **ADOPTS** the Report, **OVERRULES** Petitioner's Objections thereto, and **DISMISSES WITH PREJUDICE** the Petition.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Report sets forth the factual background and procedural history up to its issuance (ECF No. 7, PageID 28-29.) The Court incorporates that discussion by reference. In the Report, the Magistrate Judge noted that the Petitioner brought:

> [T]he following claims for relief: (1) The jury erred in failing to find by a preponderance of the evidence that Petitioner was acting in self-defense when he shot Jamie Garrett; (2) The jury erred in failing to find by a preponderance of the evidence that Petitioner did not enter 146 North Yale with the intention to commit a crime; and (3-6) Ineffective assistance of counsel.

(*Id*. at PageID 29 (citation omitted).) The Report recommended dismissing the entire Petition, concluding that the statute of limitations began to run no later than September 3, 2019 and expired September 3, 2020. However, the Petition was not filed until October 14, 2020, outside the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") (*Id*. at PageID 30-31, citing 28 U.S.C. § 2244(d).)

## II. ANALYSIS

AEDPA, which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.*

The Magistrate Judge is correct that the statute of limitations likely began to run on April 12, 2019, the date on which the time expired to file his direct appeal with the Supreme Court of Ohio (Report, ECF No. 7, PageID 30, citing S.Ct.Prac.R. 6.01(A)(1).) Even if the Supreme Court of Ohio's denial of Petitioner's motion for delayed appeal was the event that triggered the running

of the statute of limitations, that denial occurred on September 3, 2019. (*Id*.) Thus, the statute of limitations expired one year later, on either April 12 or September 2, 2020. However, the Petition was not filed until October 14, 2020 (ECF No. 1, PageID 18.) "Thus, AEDPA's statute of limitations had expired when this action began." (Report, ECF No. 7, PageID 30.) Further, the Magistrate Judge is correct that Petitioner's postconviction petition was not a "properly filed application" that would toll the statute of limitations, as the time under Ohio law in which to file a postconviction petition had expired by the time that petition was filed. (*Id*. at PageID 30-31, citing Ohio Rev. Code § 2953.21(A)(2).)

Petitioner does not address the statute of limitations in his Objections. Nor does he claim that his postconviction petition was properly filed or allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) ((holding that in order to obtain equitable tolling of the statute of limitations, a litigant must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way").

Instead, Petitioner asks the Court not to dismiss this action for failure to prosecute (Objections, ECF No. 8, PageID 33, citing Fed. R. Civ. P. 41(b).) While the Magistrate Judge's earlier Report and Recommendation recommended that this action be dismissed for failure to prosecute because Petitioner had not submitted the $5.00 filing fee or a motion for leave to proceed in forma pauperis (ECF No. 5), the Clerk of Courts later noted on the docket that a check in the amount of $5.00 had been received from Petitioner. On September 1, 2021, the Court determined that Petitioner's payment of the filing fee therefore mooted the Magistrate Judge's earlier Report and Recommendation that Petitioner's case be dismissed for failure to prosecute. (Order, ECF No. 6.)

Thus, Petitioner's Objections, to the extent they are directed toward the Magistrate Judge's earlier Report and Recommendation are overruled as moot. Nevertheless, proper payment does not change the fact that the statute of limitations bars the Petition and mandates its dismissal. Accordingly, to the extent that Petitioner's Objections are directed at the instant Report, they must be overruled as well.

### III.   DISPOSITION

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (ECF No. 7), **OVERRULES** Petitioner's Objections (ECF No. 8), **DENIES** the Petition (ECF No. 1), and **DISMISSES WITH PREJUDICE** this action. Judgment shall enter in favor of the Respondent Warden and against Petitioner.


DATE: October 1, 2021                               /s/ James L. Graham
                                                                                   JAMES L. GRAHAM
                                                                                   UNITED STATES DISTRICT JUDGE